# SUPREME COURT OF PENNSYLVANIA,

## APRIL TERM, 1779.

---

### RESPUBLICA *v.* CORNELIUS SWEERS.

### *Indictment for fraud.*

The *United States* became a body corporate from the period of their association.

An indictment may be maintained for a cheat of such a nature as may prejudice, **although it does** not charge that any person was actually defrauded.

AT a court of Oyer and Terminer, &c., held at Philadelphia, in November 1778, the defendant was indicted for forgery upon two bills. The proceedings were removed by *certiorari*, returnable into this court, on the 5th day of December following ; and the issues, on *not guilty* pleaded, were tried before a special jury, on the 14th April 1779, when the defendant was convicted upon both indictments. Afterwards, he filed reasons in arrest of judgment, of which a recapitulation will be found in the sentence of the court ; and these reasons were argued, and overruled, on the 19th day of the same month.

The first indictment was for *altering* a bill of parcels and receipt given by Margaret Duncan, for goods bought from her, with intent to defraud the United States ; and the charge was set forth in the following words :

" Philadelphia county, ss.

" The jurors for the commonwealth of Pennsylvania, upon their oaths and affirmations, do present, that Cornelius Sweers, late of the county aforesaid, yeoman, on the 4th day of February, in the year of our Lord 1778, and long before, and since, was a deputy commissary-general of military stores, in the armies of the United States of America, and entrusted and employed by Colonel Benjamin Flowers, the commissary-general of military stores in the armies aforesaid, and by the honorable Continental Congress, to make purchases of military stores, and of divers other articles, necessary and fitting in the preparation of military stores, for the use of the armies aforesaid, and to make payments, and take receipts, bills of parcels, and other vouchers therefor. And the jurors aforesaid, upon their oaths and affirmations aforesaid, do say, and further present, that the said Cornelius Sweers, *on the the same 4th day of February, in the [\*42 year aforesaid, at the city of Philadelphia, in the county aforesaid, having in his custody and possession a certain bill of parcels or account, with a certificate and receipt, all in writing, for a parcel or quan-

41

Respublica v. Sweers.

tity of flannel cloth, by him purchased of one Margaret Duncan, for the use of the Laboratory of the same armies, and which said writing was in the words, figures, ciphers and letters following ; that is to say ;

United States of America,

To Margaret Duncan, Dr.

| | | | | £ | | |
|---|---|---|---|---|---|---|
| 1778, Feb. 4th, | To 57 & a qr. yds. flannel, | 32s. | 6d. | £ 83 | 5 | 7 |
| | To 9 yds. | do. | 35s. | 15 | 15 | 0 |
| | To 107 & 3 qr. yds. do. | 52s. | 6d. | 282 | 16 | 10 |
| | | | | 381 | 17 | 5 |

I do certify that the above was purchased and delivered to me, for the use of the Laboratory at Carlisle.

ISAAC CORAN, Captain of the Artillery.

And on the back side of which said writing is indorsed and written the words following : ' Received the within contents in full, Margaret Duncan:' He the said Cornelius Sweers, afterwards, to wit, on the same day and year aforesaid, at Philadelphia aforesaid, in the county aforesaid, with force and arms, the said bill of parcels or writing, falsely, fraudulently and deceitfully, did alter, and cause to be altered, by falsely making, forging and adding the figure 4 to and before the figure 9, in the second item of the said bill of parcels or writing, which figures and letters did, before such last-mentioned forgery, import and signify nine yards, but by reason and means of such last-mentioned forgery and addition, did become, import and signify forty-nine yards ; and also by forging and altering the figure 1, in the sum of the said second item in the bill of parcels or writing aforesaid, to the figure 8 ; which figures did, before such mentioned alteration and forgery, import and signify fifteen pounds and fifteen shillings, but, by reason and means of such last-mentioned alteration and forgery, did become, import and signify eighty-five pounds and fifteen shillings ; and also by falsely forging and altering the figure 3 to the figure 4, and the figure 8 to the figure 5, in the sum total or amount of the said bill of parcels or writing ; which figures did, before such last-mentioned forgery and alteration, import and signify three hundred and eighty-one pounds, seventeen shillings and five pence, but, by reason and means of such last-mentioned forgery and alteration, did become, import and signify four hundred and fifty-one pounds, seventeen shillings and five pence, with intention to defraud the United States of America aforesaid, of seventy pounds of lawful money of Pennsylvania ; to the evil example of all others in like case offending, to the great damage of the said United States, and against the peace and dignity of the commonwealth of Pennsylvania."

*43]    *The second indictment was for *forging* a receipt, purporting to be a receipt from one Adam Foulk, with intent to defraud the United States. It was expressed in the following words:

"*Philadelphia* county, ss..

"The jurors for the commonwealth of Pennsylvania, upon their oaths and affirmations, do present, that Cornelius Sweers, late of the county aforesaid, yeoman, on the first day of July, in the year of our Lord one thousand seven hundred and seventy-seven, and long before and since, was a clerk to the department of the commissary-general of military stores, in the armies of

the United States of America, and entrusted and employed by Colonel Benjamin Flowers, the commissary-general of military stores in the armies aforesaid, and by the honorable Continental Congress, to make payments and take receipts, bills of parcels, and other vouchers for military stores, and for divers articles, necessary and fitting in the preparation of military stores, purchased for the use of the armies aforesaid, and to keep the accounts thereof : And the jurors aforesaid, upon their oaths and affirmations aforesaid, do further present, that the same Cornelius Sweers, on the same day and year aforesaid, at the city of Philadelphia, in the county aforesaid, contriving and intending falsely and fraudulently, to deceive and defraud the United States aforesaid, with force and arms, falsely, wickedly and unlawfully, did make, forge and counterfeit, and cause to be made, forged and counterfeited, a certain writing, purporting to be a receipt for one thousand and twenty pounds and fifteen shillings, and purporting to be signed in the name of one Adam Foulk, in the words and figures following, to wit, ' 3 Rec'd, 1st July 1777, of Col. B. Flower, C. G. M. S., one thousand and twenty pounds 15s. for 820 bayonet belts, and 920 cartouch boxes for the use of the army.

£1020 15                                              ADAM FOULK.'

To the evil example of all others in like case offending, to the great damage of the United States, and against the peace and dignity of the commonwealth of Pennsylvania.

And the jurors aforesaid, upon their oaths and affirmations aforesaid, do further present, that the said Cornelius Sweers, contriving and intending the said United States, falsely and fraudulently, to deceive and defraud, then and there, with force and arms, the said writing, so as aforesaid falsely made and counterfeited, purporting to be a receipt for the sum of one thousand and twenty pounds and fifteen shillings, and purporting to be signed in the name of the said Adam Foulk, wickedly, unlawfully and fraudulently, did publish, and cause to be published, as and for a true writing and receipt of the said Adam Foulk; which said falsely forged and counterfeited [*44 *writing is in the words and figures following, to wit: ' 3 Rec'd, 1st July 1777, of Col. B. Flower, C. G. M. S. one thousand and twenty pounds 15s. for 820 bayonet belts and 920 cartouch boxes for the use of the army.

£1020 15                                              ADAM FOULK.'

(He the said Cornelius Sweers, at the time of publishing the said false and counterfeit writing there, by him, in form aforesaid, well knowing the said writing to have been falsely forged and counterfeited as aforesaid); to the evil example of all others in like case offending, to the great damage of the said United States, and against the peace and dignity of the commonwealth of Pennsylvania."

The prisoner being brought before the court to receive sentence, McKEAN, Chief Justice, addressed him to the following effect:

Cornelius Sweers:—After a fair and full trial, you have been convicted of the crime of *forgery*, upon two indictments, by a special jury of your country. The offence stated in the first indictment, is that of altering a receipt given by Margaret Duncan; and the charge contained in the second indictment, is that of forging a receipt, purporting to be the receipt of Adam

Foulk. Your counsel have taken several exceptions to the form and substance of these indictments, upon a motion in arrest of judgment.

The first exception was, "that, at the time of the offence charged, the United States were not a body corporate known in law." But the court are of a different opinion. From the moment of their association, the United States necessarily became a body corporate; for, there was no superior from whom that character could otherwise be derived. In England, the king, lords and commons, are certainly a body corporate ; and yet there never was any charter or statute, by which they were expressly so created. An indictment, however, may be sufficiently maintained upon " an intent to deceive my liege subjects ; " and to that purpose there is a positive authority, not referred to by the counsel, where a person was indicted, for having in his custody a piece of base metal, in the similitude of a six-pence, knowing it to be base, with intent to defraud the liege subjects, &c.

The second exception was, "that the charges in the indictments, were not direct and positive, but only argumentative." On this point, we cannot hesitate to declare, that the charges appear to us to be as direct and positive, as it was possible to express them.

The third exception was, "that the indictments do not charge any person was actually defrauded." But in the *King* v. *Webb*, 2 Ld. Raym. 1461, all the judges declared, that if the cheat be prejudicial, that is, of such a nature as may prejudice, an indictment * would well lie. In the case of forgery, properly so called, which includes only records, deeds, wills, or public instruments, it may, perhaps, be necessary that some person should be actually prejudiced. This rule, however, does not extend to cheats of the present description ; in which it is sufficient, that the act be of a prejudicial nature.[1]

Upon the whole, we are of the opinion, that your conviction has been legal, as well as just ; and, therefore, it only remains to pronounce the sentence of the court.

Sentence, on the first indictment : A fine of 70*l.* and imprisonment until the 4th of July, the anniversary of American Independence.

Sentence, on the second indictment : A fine of 1020*l.* and imprisonment until the next annual election for Pennsylvania, and standing in the pillory for one hour.(*a*)

---

The following appointments took place in the course of *April* and *September* Terms 1780.

The Hon. GEORGE BRYAN, Esquire, was appointed a Judge of the Supreme Court, on the 3d day April 1780.

*Jonathan Dickinson Sergeant*, Esquire, having resigned the office of Attorney-General on the 20th day of November 1780, *William Bradford*, junior, Esquire, was appointed Attorney-General on the 23d day of November 1780.

---

(*a*) See Respublica *v.* Teischer, *post*, 335 ; 2 Dall. 299, in note ; 3 Id. 54. And see Respublica *v.* Powell, *post*, 47 ; Commonwealth *v.* Wade, stated *post*, 337, in note ; Com. *v.* Eckert, 2 Bro. 251 ; Pennsylvania *v.* McKee, Addison 33.

[1] See McClure *v.* Commonwealth, 86 Penn St. 353.