## HELVERING v. STOCKHOLMS ENSKILDA BANK.

### No. 5889.

Court of Appeals of the District of Columbia.

Argued Nov. 10, 1933.

Decided Dec. 4, 1933.

G. A. Youngquist, Sewall Key, J. L. Monarch, W. C. Thompson, and C. M. Charest, all of Washington, D. C., for appellant.

Truman Henson, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Board of Tax Appeals.

The facts are simple and undisputed. The appellee is a foreign corporation having no office or place of business in the United States. In the year 1927, the United States government paid to the corporation the sum of $8,-683.91 as interest on a refund of federal income taxes overpaid by it in a prior year. The interest was paid under the provisions of section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), which provides:

"(a) Upon the allowance of a credit or refund of any internal-revenue tax erroneously * * * collected * * * interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax * * * was paid to the date of the allowance of the refund."

In the year 1927, the Commissioner increased the corporation's income by including therein an amount for the interest upon the refund aforesaid, to wit, $8,683.91, and assessed income tax thereon for that year, thereby determining a deficiency in the sum of $1,-173.32, from which determination the taxpayer appealed to the Board of Tax Appeals.

The only question for decision by the Board was whether interest paid by the United States to a nonresident foreign corporation on a refund of federal income taxes in 1927 was a part of its "gross income" from sources within the United States as defined by the Revenue Act of 1926.

Section 233 of the Revenue Act of 1926 (26 USCA § 985 (b) provides as follows:

"(b) In the case of a foreign corporation, gross income means only gross income from sources within the United States, determined * * * in the manner provided in section 217 [section 958]."*

Section 217 (a) of the Revenue Act of 1926 provides, in part, as follows:

"(a) In the case of a nonresident alien individual, * * * the following items of gross income shall be treated as income from sources within the United States: (1) Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise. * * *

"(c) The following items of gross income shall be treated as income from sources without the United States: (1) Interest other

than that derived from sources within the United States as provided in paragraph (1) of subdivision (a)." (26 USCA § 958 (a, c).

■■ The Board of Tax Appeals held that the interest paid by the government upon the refund was not "income from sources within the United States" as defined by section 217, inasmuch as it was not interest accrued upon an obligation of a resident of the United States but upon an obligation of the United States government which is not a "resident" within the intent and meaning of the act. The Board accordingly held that the interest received by the taxpayer was not taxable, and entered a decision of "no deficiency" upon the appeal. From that decision the present appeal was taken.

We think the Board's decision is correct. The amount of interest paid upon the refund to the foreign corporation would be taxable under the statute only in case the payment came within the classification of "interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise. * * *" The obligation, however, upon which interest was paid in this case was not that of a resident, corporate or otherwise, inasmuch as the United States is not a "resident," as that term is used in the taxing statute.

In United States v. Temple, 105 U. S. 97, 99, 26 L. Ed. 967, the court said:

"Our duty is to read the statute according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending its operation."

In State v. City of Trenton, 40 N. J. Law, 89, the Supreme Court of New Jersey held that indebtedness to the state could not be deducted from the taxable value of property under a statute permitting the deduction of indebtedness to residents. The court said, in part:

"It is only by the greatest latitude of construction that we can say that the state resides within the state. The word 'residing' refers to individual abode, though it is sometimes used figuratively. It will not apply to the state in its representative and governmental relation to its citizens. The people, as individuals, reside in the state, but the political body called the state cannot be said, in the proper use of language, to reside anywhere."

In Consorzio Veneziano di Armamento e Navigazione, Petitioner, v. Commissioner of Internal Revenue, 21 B. T. A. 984, 988, the Board observed as follows:

"In our opinion, even if the amount constituted interest, it was not interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise. It would be a strained construction to say in the first place that the United States was a resident, corporate or otherwise, of the United States. Wherever in the statute obligations of the United States are referred to they are referred to specifically as 'obligations of the United States.' The expression 'resident' in its ordinary acceptation does not refer to the Government itself and the language in the statute 'resident, corporate or otherwise,' we think should be given its ordinary and generally accepted meaning."

Article 1509 of Regulations 69 is cited by the Board in support of its decision.

As is stated by the Board in its decision, "If this be a doubtful construction of the statute, we think the rule should be applied that the taxing statutes must be strictly construed, and if there be doubt as to the proper construction that doubt must be resolved in favor of the taxpayer. United States v. Merriam, 263 U. S. 179 [44 S. Ct. 69, 68 L. Ed. 240, 29 L. Ed. 1547]; Reinecke v. Northern Trust Company, 278 U. S. 339 [49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397]; Burnet v. Niagara Falls Brewing Co., 282 U. S. 648 [51 S. Ct. 262, 75 L. Ed. 594]."

In the present case the application of this rule seems peculiarly appropriate inasmuch as the payment in question represented interest which the government was paying as provided by statute because of an overassessment of income taxes theretofore imposed by the government upon the taxpayer. To assess income taxes upon such a repayment would amount to the imposition of a penalty upon the taxpayer because of the error theretofore committed by the government against him. Escher v. Woods, 281 U. S. 379, 50 S. Ct. 337, 74 L. Ed. 918.

The decision of the Board of Tax Appeals is hereby affirmed.

GRONER, Associate Justice, dissents.