**UNITED STATES of America, Appellant,**

v.

**Arthur Eugene WHITCOMB, Appellee.**

**No. 8676.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1962.

Decided Feb. 18, 1963.

Sherman L. Cohn, Attorney, Dept. of Justice (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Joseph D. Tydings, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellant.

Melvin J. Sykes, Baltimore, Md. (Jack L. Medwedeff, Baltimore, Md., on brief), for Maryland Unsatisfied Claim and Judgment Fund Bd.

Before BRYAN and BELL, Circuit Judges, and BUTZNER, District Judge.

ALBERT V. BRYAN, Circuit Judge.

The Unsatisfied Claim and Judgment Fund Law of Maryland * does not provide indemnity, the District Court has ruled, for a claim held against an uninsured motorist by the United States. This determination was rested solely on an interpretation of the Act: that the Government is not an eligible claimant, because it is not within the statute's definition of a "qualified person". The appeal of the United States against this judgment must, we hold, be sustained.

The Law makes available to a "qualified person" reparations for injury or damage arising from motor vehicle accidents in Maryland when there is either (1) an unsatisfied judgment against a known tortfeasor, or (2) an established claim against an unknown tortfeasor. "Person" is defined by the Law to include "governmental bodies". § 150(i). A "qualified person" is:

"[A] resident of this State or the owner of a motor vehicle registered

in this State or a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded to residents of this State, of substantially similar character to that provided for by this subtitle." § 150(g)

There is no question of the validity of the United States' demand. It is evidenced by a judgment against a known tortfeasor for damage to a motor vehicle of the Government in an accident occurring in Maryland. The present action, it is agreed, is a proper submission by the United States of its claim.

I. Conceding that the Fund Law within its own text has no definition of "resident" the appellant first urged that § 150(g) *supra*—defining "qualified person"—must be read in connection with the definition of "resident" in § 2(a) (44) of Article 66½ of the Maryland Annotated Code. Its contention was that as the Fund Law admittedly was enacted as an additional part of Article 66½, the Law automatically incorporates § 2(a) (44) of Article 66½ which declares that:

"(a) *Definitions stated.*—The following words and phrases *when used in this article* shall, for the purpose of this article, have the meanings respectively ascribed to them in this section, except as hereinafter specifically provided.

\* \* \* \* \* \*

"(44) *Resident.* Every person who is a legal resident of this State, and *every nonresident (owner, corporation, manufacturer, dealer, used car dealer) owning, maintaining or operating place or places of business in this State and using motor vehicles intrastate in connection with such business in this State,* or, any nonresident who maintains a temporary residence in this State and accepts any employment or engages in any trade, profession or occupation

* Chap. 836, p. 1560, 1957 Laws of Maryland; Annotated Code of Maryland, Art. 66½, § 15( et seq.

in this State, or any nonresident who maintains a temporary residence in this State in excess of ninety days during the registration year." [Emphasis added.]

This definition, concludes the United States, when carried into § 150(g) of the Fund Law demonstrates that the Government is a "qualified person": if not an actual resident of Maryland, it is at least a statutory resident because it is a "nonresident * * * owning, maintaining or operating [a] place * * * of business [in Maryland] and using motor vehicles intrastate in connection with such business * * *".

■ But the Unsatisfied Claim and Judgment Fund Board, appellee here, replies that the definition in Article 66½, § 2(a) (44) is not applicable to the Fund Law. The District Judge agreed with the Board's reasoning: that the aims of the Fund Law are so different from those of the earlier enactment that the definition in the prior statute does not pertain to the Fund provisions. This view has been squarely vindicated, since the argument of the case here, by the decision of the Court of Appeals of Maryland in Maddy v. Jones, December 7, 1962, 230 Md. 172, 186 A.2d 482. That determination is conclusive upon us. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ II. But in our judgment the United States is an eligible claimant, for it is a "resident of this State" within the Fund Law's own definition of "qualified person". § 150(g) supra. This determination is in no wise foreclosed by the Maryland Court of Appeals' further holding in Maddy v. Jones, supra. There the Court declared that a resident within the scope of the statute meant a domiciliary of Maryland. The applicant was held ineligible because he was an individual not domiciled in the State. Here we have a governmental body, the United States—made a "person" within the Fund Law by § 150(i)—which we think is in fact and in law resident in Maryland, and also domiciled there so far as a body politic

and corporate may ever be described as domiciled.

The United States as a sovereign is a resident of territorial United States, and we think it not unreasonable to hold the United States to be a resident of every State. In Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 91–93, 55 S.Ct. 50, 79 L.Ed. 211 (1934), it is stated that:

"While it cannot be said that the United States, in its corporate capacity as an artificial person, has a bodily presence in any place, it is not unreasonable to hold that in the eye of the law, *it has a residence, and especially so when a contrary holding would defeat the evident purpose of a statute.* This may be in the nature of a legal fiction; but legal fictions have an appropriate place in the administration of the law when they are required by the demands of convenience and justice * * *". 293 U.S. p. 92, 55 S.Ct. pp. 53–54, 79 L.Ed. 211 [Emphasis added.]

Earlier Mr. Justice Story had said for the Court in Vaughn v. Northup, 15 Pet. (40 U.S.) 1, 6, 10 L.Ed. 639 (1841): "The United States, in their sovereign capacity, have no particular place of domicile, but possess, in contemplation of law, an ubiquity throughout the Union * * *". The Second Circuit has added this:

"The question remains as to whether the United States is a resident within the meaning of section 217. The United States is a corporation. * * * As such corporate entity, it must have a corporate residence; that residence must be within the United States. * * *

" * * * There is no difficulty with the conception that a sovereign is within the United States and it is axiomatic to say that a sovereign resides where it is sovereign."

Helvering v. British-American Tobacco Co., 2 Cir., 69 F.2d 528, 530, aff'd., 293 U.S. 95, 55 S.Ct. 55, 79 L.Ed. 218 (1934).

Adverting again to Helvering v. Stockholms Enskilda Bank, *supra,* 293 U.S. at

93, 55 S.Ct. at 54, 79 L.Ed. 211, we find this logic:

"If to carry out the purposes of a statute it be admissible to construe the word 'person' as including the United States, it is hard to see why, in like circumstances, it is inadmissible to construe the word 'resident' as likewise including the United States."

True, the United States does not register its motor vehicles in Maryland or indeed in any other State, and recognizes no obligation to do so. While this may seem implausible under an assertion of residence, surely the anomaly does not defeat the Government's claim. At most it meant the loss to the Fund of $1.00 per Government vehicle in Maryland during the year from May 1, 1958 to April 30, 1959. No part of the registration fees went to the Fund and the collection of $1.00 on each insured vehicle for the Fund was limited to the year just mentioned. Thereafter no assessment for the Fund was leviable upon a self- or otherwise insured motor vehicle. So, at the time of the accident giving rise to the Government's claim, October 14, 1959, no self-insured, such as the United States, or any other insured was liable for a payment into the Fund.

With the District Judge we accord no significance to the absence of contribution as a factor to preclude participation by the United States. There is no intimation in the Fund Law of an intention to indemnify only those who had paid the initial premium.

III. The Government has further argued it is also a "qualified person" under the Fund Law as "a resident of another state, territory or federal district of the United States * * * in which recourse is afforded to residents of this State [Maryland] of a substantially similar character to that provided for by this subtitle." § 150(g) supra. It avers that the United States fulfills both conditions, for it is at least a resident of geographical United States and it offers "substantially similar" relief to Marylanders through the Federal Tort Claims Act, 28

U.S.C. § 1346(b). This contention need not be reviewed as our conclusion that the United States is a resident of Maryland is determinative of the case.

The judgment of the District Court must be reversed and the action remanded there for entry of an order allowing the Government's claim against the Fund.

Reversed and remanded.