**ESTATE OF Shannon Marie BOONE, et al.**

**v.**

**UNITED STATES of America.**

**Civil No. CCB–08–658.**

United States District Court,
D. Maryland.

Dec. 16, 2008.

Michael Layne Sandul, The Law Offices of Michael L. Sandul, Odenton, MD, Charles J. Fratus, Fratusbrady LLC, Annapolis, MD, for Plaintiffs.

Allen F. Loucks, Office of the United States Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM

CATHERINE C. BLAKE, District Judge.

The estate of Shannon Marie Boone ("Ms. Boone"), together with her parents Mark Boone and Debbie Ramsburg Whipp, and Allstate Insurance Co. (together "the plaintiffs"), filed suit against the United States under the Federal Tort Claims Act ("FTCA") for damages arising out of a fatal traffic accident. The United States moved for partial summary judgment to limit the amount of any award in this case to $20,000. The parties have fully briefed the issue and no hearing is necessary. For the reasons stated below, the defendant's motion will be granted.

## BACKGROUND

The Fort Detrick Fire Department ("the department") is situated on the Fort Detrick Army base in Frederick County, Maryland. The department responds to emergencies on the base and in the surrounding areas of Frederick County. On March 30, 2005, en route to a house fire in Frederick County, a department fire truck collided with a vehicle driven by Ms. Boone. She sustained fatal injuries from the crash.

On March 12, 2008, the plaintiffs filed their complaint against the United States under the FTCA alleging one survival count and two wrongful death counts. Each count seeks $2,000,000 in damages. The United States filed its motion for partial summary judgment on August 6, 2008, arguing that a Maryland law limiting the liability of self-insured fire companies to $20,000 applies in this case.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is

no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has clarified this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir.2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court must "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir.2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993), and citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

▪ The FTCA provides that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Here, the alleged negligent act occurred in Maryland.

Under Maryland law, fire companies and their personnel "are immune from civil liability for any act or omission in the course of performing their duties"; however, that grant of immunity is waived for "actions to recover damages for the negligent operation of a motor vehicle" to a certain extent. Md.Code Ann., Cts. & Jud. Proc., § 5–604(a), (b)(1). In such actions, liability for bodily injury or death extends up to $20,000 for a self-insured fire company, or up to the maximum limit of basic vehicle liability insurance for an insured company. § 5–604(b)(1)(i) (adopting limits imposed by Md.Code Ann., Transp., § 17–103)[1] & (b)(1)(ii). The United States contends that the department is liable to the same extent as a self-insured fire company, and, thus, Maryland law caps its liability at $20,000.

The plaintiffs contend that § 5–604 is intended to apply only to non-profit fire companies and, thus, is not applicable in this case because the department is a governmental, as opposed to a non-profit, entity.[2] The statute's applicability, however,

---

**1.** Liability is capped at $20,000 for the bodily injury or death of one person and $40,000 for any two or more persons. Md.Code Ann., Transp., § 17–103(b)(1).

**2.** The plaintiffs appear to rely on *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir.2000) for the proposition that a fire company is, by definition, a "non-profit Maryland corporation[.]" (Pls.' Opp'n

to Summ. J. at 3, 5.) That language from *Goldstein*, however, far from defining the contours of a fire company under Maryland law, served merely to describe the particular fire company at issue in that case. *See Goldstein*, 218 F.3d at 343 ("Turning to this case, it is undisputed that Chestnut Ridge [Volunteer Fire Company] is a non-profit Maryland corporation....").

is not so limited. *See Mayor and City Council of Baltimore v. Chase,* 360 Md. 121, 756 A.2d 987, 993–94 (2000) (holding that § 5–604 applies to private and governmental fire companies alike, relying on the broadly-worded language of the statute); *see also* § 5–604(a) (not differentiating among fire companies covered by the statute).[3] Moreover, even if the Maryland law were limited to non-profit fire companies, that would not bar its application in this case. The plaintiffs' argument to the contrary "overlooks the fact that the source of the government's liability is the FTCA" and not Maryland's liability cap. *See Starns v. United States,* 923 F.2d 34, 37 (4th Cir.1991).

■ The FTCA's "like circumstances" provision accords the United States the same treatment as a private party under similar, rather than identical, circumstances. *See Indian Towing Co. v. United States,* 350 U.S. 61, 64–65, 76 S.Ct. 122, 100 L.Ed. 48 (1955); *see also Carter v. United States,* 982 F.2d 1141, 1144 (7th Cir.1992) ("The national government is never situated identically to private parties. Our task is to find a fitting analog under private law."). In *Starns,* the Fourth Circuit relied on the "like circumstances" provision to hold that Virginia's statutory cap on medical malpractice liability applied to a federally operated hospital even though it was not licensed by the state, as was required for the statutory cap to apply. 923 F.2d at 37. The court concluded that because private entities in Virginia would in "like circumstances" be entitled to the statutory cap, so too was a federally operated hospital being sued pursuant to the FTCA. *Id.; see also Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1118 (10th Cir.2004) ("[T]o hold that the United States is not entitled to the protection of [state law] would place it in a differently situated position than private parties ... thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA."). Similarly, in this case, a private fire company would in "like circumstances" be entitled to Maryland's statutory immunity and, thus, so too is the federally operated fire company.

The plaintiffs further argue that even if § 5–604 applies, the department is not entitled to the liability cap for self-insured fire companies. While it is undisputed that the United States insures itself, *see Rayonier Inc. v. United States,* 352 U.S. 315, 320, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957) (recognizing that damages resulting from FTCA claims are paid from the public treasury); *United States v. Whitcomb,* 314 F.2d 415, 418 (4th Cir.1963) (noting the self-insured status of the United States), the plaintiffs contend that the department has not fulfilled Maryland's statutory requirements and, thus, cannot be considered "self-insured" for purposes of the

---

**3.** The plaintiffs rely on two cases in which federal district courts declined to extend state immunity provisions to federally operated entities in the context of the FTCA, *Tessier v. United States,* 164 F.Supp. 779 (D.Mass.1958) and *Fulmer v. United States,* 133 F.Supp. 775 (D.Neb.1955). Both cases, however, were decided in the context of applying *charitable* immunity provisions to federally operated hospitals. *See Tessier,* 164 F.Supp. at 779 ("It would be illogical to read back into the [FTCA] an immunity which has been granted to local charities, presumably for the prag- matic purpose of extending the charitable dollar to the greatest good of the greatest number...."); *Fulmer,* 133 F.Supp. at 788 ("[W]hat is exempted from liability is not the business of hospitalization but the non-profit charitable corporation; and it is exempted precisely because it is a non-profit charitable corporation, not because it operates a hospital."). Here, the state immunity provision is not limited to charitable organizations, but rather exempts fire and rescue companies regardless of their charitable status. *See Chase,* 756 A.2d at 993–94.

$20,000 liability cap under § 5–604(b)(1)(i).[4] As discussed above, however, the specific requirements of the Maryland statute do not dictate the government's liability in this action. Rather, the "FTCA assures the federal government of that treatment accorded private parties." *Starns,* 923 F.2d at 37. In this case, a private, self-insured fire company's liability would be capped at $20,000, and the FTCA assures the federally operated fire company the same treatment. *See id.; see also Haceesa v. United States,* 309 F.3d 722, 725–27 (10th Cir.2002) (relying on FTCA's "like circumstances" provision to conclude that the United States was entitled to a recovery cap under New Mexico's malpractice statute even though it had not complied with the statutory requirements of the cap, such as filing proof of malpractice liability insurance and participating in the state's patient compensation fund). Moreover, the statutory requirements at issue are designed to establish proof of a self-insured's financial security, and "the financial responsibility of the United States is assured," *Haceesa,* 309 F.3d at 726. Accordingly, Maryland's $20,000 liability cap applies in this case, and the court will grant the defendant's motion for partial summary judgment.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The defendant's motion for partial summary judgment (docket entry no. 10) is **GRANTED;** and

2. The parties shall provide a status report regarding further proceedings in this case by December 30, 2008.

---

[4] For example, Maryland imposes an annual fee on self-insurers to pay for assessments of their financial solvency and requires them to provide securities of payment for accident claims. Md.Code Ann., Transp., § 17–103(a)(3) & (b)(1), (2).