## STOUTS MOUNTAIN COAL CO., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 6542.    Decided September 30, 1926.

A corporation owning and operating a mine and claiming a deduction from gross income of an amount for depletion based upon an estimated tonnage of coal in place, and the mine becoming completely exhausted during one of the taxable years under review, thereby proving that the number of tons of coal in place was substantially less than the estimated number of tons upon which the claim for depletion for earlier years was based, is entitled to have its claim for depletion for the year in which the mine was exhausted revised and to have the undepleted cost of the coal in place at the beginning of the taxable year taken as a deduction for depletion for such year.

*G. R. Harris, C. P. A.,* for the petitioner.
*Ward Loveless, Esq.,* for the respondent

Proceeding for the redetermination of deficiencies in income and profits taxes for the years ended October 31, 1920, and October 31, 1921, in the respective amounts of $69.34 and $811.77. The question in issue is the proper amount of depletion which the petitioner is entitled to deduct from gross income in its tax returns for the fiscal years involved.

### FINDINGS OF FACT.

The petitioner is an Alabama corporation, incorporated November, 1917, with $2,000 capital stock. The stockholders were five brothers and a brother-in-law. It was organized to acquire an abandoned coal mine in which it was estimated there were still 400,000 tons of recoverable coal. The father of the five brothers agreed to advance money to the corporation to enable it to acquire the property and to build a spur line from the mine to the main tracks of the Louisville & Nashville R. R. Co. The exact amount paid by the petitioner corporation for the coal rights in the mine is not in evidence but is admitted by the petitioner and by the Commissioner to have been at least $14,500. In 1919 the petitioner acquired the surface rights of the mining lands, together with an adjoining tract covering several hundred acres of land, for $10,040. The number of tons of coal mined for the fiscal years ended October 31, 1920, and October 31, 1921, was 32,438 and 14,017, respectively. Prior to the close of the last named fiscal year the vein of coal "pinched out" and a wall of stone prevented any further mining operations. Exploratory drilling failed to reveal any other recoverable coal. The petitioner recovered less than 75,000 tons of coal from the mine. The entire assets of the company were sold and disposed of at great loss to the petitioner in years subsequent to 1921.

The income-tax return filed by the petitioner for the fiscal year ended October 31, 1920, showed a loss of $4,375.55. On this return the petitioner claimed a deduction for depletion of $8,244.80. The Commissioner allowed a deduction for depletion of only $1,175.88 and disallowed the deduction of $7,068.92, thereby determining a net income of $2,693.37 instead of a loss of $4,375.55 as shown by the return. The return filed for the succeeding fiscal year showed a loss of $477.25. On this return the petitioner claimed a depletion allowance of $6,527.40. In the audit of the return the Commissioner computed a depletion allowance of $508.12 and disallowed $6,019.28 of the amount claimed, thereby determining a net income for the fiscal year of $5,542.03 instead of a loss of $477.25.

The depletion allowed by the Commissioner for both taxable years was based on a cost of $14,500 applicable to 400,000 tons of removable coal, resulting in a depletion unit rate of $.03625 per ton.

### OPINION.

SMITH: The taxing statute permits a taxpayer to deduct from gross income—

In the case of mines, * * * a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each

case, based upon cost including cost of development not otherwise deducted: * * * Section 234 (a) (9), Revenue Act of 1918.

A reasonable allowance must be made for depletion in accordance with the facts in a given case. At the time the petitioner started operations, and during the year 1920, it believed that the recoverable tons of coal in its property were 400,000. It developed, however, prior to the close of its fiscal year ended October 31, 1921, that the recoverable tons were in all not in excess of 75,000. The depletion deduction for such year is the undepleted cost of the coal in place at the beginning of such year; in other words, the undepleted cost on November 1, 1920, should be spread over the number of tons of coal removed during the fiscal year ended October 31, 1921. Only in this way will the petitioner be allowed to recover from gross income, as a depletion deduction during the life of the mine, the undepleted cost of the coal in place at the beginning of the taxable year.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*