## HEINER, COLLECTOR, v. COLONIAL TRUST COMPANY, EXECUTOR.

## LEWELLYN, FORMER COLLECTOR, v. COLONIAL TRUST COMPANY, EXECUTOR.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

Nos. 219, 220. Argued October 7, 1927.—Decided November 21, 1927.

The net income derived by a non-Indian from a lease made to him by a tribe of Indians with the approval of the Secretary of the Interior, is taxable under the Revenue Acts of 1916 and following years. P. 234.

17 F. (2d) 36, reversed.

CERTIORARI, 274 U. S. 731, to judgments of the Circuit Court of Appeals which affirmed judgments of the District Court, 12 F. (2d) 481, in favor of the respondent trust company in suits to recover income taxes collected from the respondent's testator.

*Solicitor General Mitchell,* with whom *Assistant Attorney General Willebrandt* and *Messrs. A. W. Gregg,* General Counsel, and *A. J. Ward,* Special Attorney, Bureau of Internal Revenue, were on the brief, for petitioners.

*Mr. John W. Davis,* with whom *Messrs. R. C. Allen, C. A. Jones, M. W. Acheson, Jr., James R. Sterrett,* and *I. J. Underwood* were on the brief, for respondent.

*Messrs. James M. Beck* and *T. J. Leahy* filed a brief as *amici curiae,* by special leave of Court.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent's decedent procured an oil lease from the Tribal Council of the Osage Tribe of Indians covering land of the Tribe in Oklahoma. The lease was in the form prescribed by the Secretary of the Interior and was approved by him. The lessor reserved as royalties an agreed percentage of the gross proceeds from the sale of the oil produced, to be paid to the Superintendent of the Osage Indian Agency. On the net income derived by decedent from the sale of the oil between 1917 and 1921 there were assessed and collected income taxes aggregating more than $800,000. Respondent brought these suits in the district court for western Pennsylvania to recover the tax paid, on the theory that, as the interests of the Indians were concerned, Congress had not intended by the various revenue acts to tax the income derived from the exploitation of their lands by non-Indian lessees, and that it was thus impliedly exempt from the tax. Judgments of the district court for respondent [12 Fed. (2d) 481] were affirmed by the court of appeals for the third circuit [17 Fed. (2d) 36] and the cases are here on certiorari, the parties having stipulated that No. 220 shall abide the result in No. 219.

Section 1 (a) of the Revenue Act of 1916 (c. 463, 39 Stat. 756) provides:

".That there shall be levied, assessed, collected, and paid annually upon the entire net income received in the preceding calendar year from all sources by every individual, a citizen or resident of the United States, a tax . . ." at specified rates.

Section 2 (a) of the Revenue Act of 1916, as amended by the Act of 1917, (c. 63, 40 Stat. 300, 329) provides:

" That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains . . . growing out of the . . . use of or interest in real or personal property,

. . . also [gains] from . . . the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

The pertinent sections of the later revenue acts during the period do not differ materially from those quoted from the 1916 Act. Act of February 24, 1919, c. 18, §§ 210, 213, 40 Stat. 1057, 1062, 1065; Act of November 23, 1921, c. 136, §§ 210, 213, 42 Stat. 227, 233, 237.

These statutes in terms plainly embrace the income of a non-Indian lessee derived from the lease of restricted Indian lands. But we are reminded by respondent that both the lease here involved and the income it brings the lessee are beyond the taxing power of the states, for the lease is merely the instrument which the government has chosen to use in fulfilling its task of developing to the fullest the lands and resources of its wards, and a state may not by taxation lessen the attractiveness of leases for such a purpose, *Gillespie* v. *Oklahoma*, 257 U. S. 501; *Indian Oil Co.* v. *Oklahoma*, 240 U. S. 522; and see *Choctaw & Gulf R. R.* v. *Harrison*, 235 U. S. 292; *Jaybird Mining Co.* v. *Weir*, 271 U. S. 609; and reliance is placed on those cases indicating that general acts of Congress are not applicable to the Indians where to apply them would affect the Indians adversely. *Washington* v. *Miller*, 235 U. S. 422, 427, 428; *Elk* v. *Wilkins*, 112 U. S. 94, 100. The conclusion then urged on us is that Congress cannot be held to have intended by the general provisions of the revenue acts to tax the incomes of the Indians themselves; nor by taxing that of their lessees to do itself what the states are forbidden to do.

The power of the United States to tax the income is undoubted. It seems to us extravagant, in the face of the comprehensive language of the statute, to infer that Congress did not intend to exercise that power merely

because, in the absence of congressional consent, it is one withheld from the states or because the tax in terms imposed on others may have some economic effect upon the Indians themselves. The disposition of Congress has been to extend the income tax as far as it can to all species of income, despite immunity from state taxation. During the period now in question the compensation of many federal officials was subject to federal income tax, and income from government bonds was taxed except when expressly exempted.

Assuming that the Indians are not subject to the income tax, as contended, the fact that they are wards of the government is not a persuasive reason for inferring a purpose to exempt from taxation the income of others derived from their dealing with the Indians. Tax exemptions are never lightly to be inferred, *Vicksburg, etc., R. R.* v. *Dennis,* 116 U. S. 665, 668; *Philadelphia & Wilmington R. R.* v. *Maryland,* 10 How. 376, 393, and we think any implication of an exemption of the income of the Indians themselves, if made, must rest on too narrow a basis to justify the inclusion of the income of other persons merely because the statute, if applied as written, may have some perceptible economic effect on the Indians.

It is not without weight that the Treasury Department from the beginning has consistently collected income tax from lessees of Indian oil lands running into vast amounts. If this was contrary to the intention of Congress it is reasonable to suppose that this practice of the Department would have been specifically corrected in some of the revisions of the laws taxing income in 1917, 1919, 1921, 1924 or 1926. Compare *National Lead Co.* v. *United States,* 252 U. S. 140, 145, 146.

*Reversed.*