WESTERN AMERICAN OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14452.   Promulgated January 19, 1928.

18

*Claude Collard*, *C. P. A.*, for the petitioner.
*Shelby S. Faulkner*, *Esq.*, for the respondent.

OPINION

MILLIKEN: The parties have stipulated that the difference of $225.65 between the net loss determined for 1919 by the respondent and that claimed by the petitioner represents an allowable deduction for depletion, based upon discovery revaluation in relation to a lease owned by petitioner. It is clear that the deduction allowable for depletion would correspondingly reduce the net income for the year 1919, and correspondingly increase the net loss for the year 1919 to be carried forward to the year 1920. The net loss allowed by respondent for the year 1920, should be increased by $225.65.

The fourth assignment of error relates to the exclusion from income for the year 1920 of earnings from an Osage Indian oil and gas lease, of which the petitioner was the lessee. The same question which is thus before us was presented to the United States Supreme Court in *Heiner* v. *Colonial Trust Co.* and decided adversely to the position taken by petitioner. 275 U. S. 232.

The fifth assignment of error alleges that the respondent did not correctly determine invested capital for the year 1920. Section 326 of the Revenue Act of 1918 defines the term "invested capital." In the case at bar, the total outstanding capital stock was issued for leaseholds and equipment. In such instances, the statute provides that the same may be included in invested capital to the extent of the actual cash value of such property at the time paid in for stock. There being no evidence as to the actual cash value of the tangible assets paid in for stock, we accordingly can not determine invested capital or decide that the determination made by the respondent was in error.

*Judgment will be entered on 15 days' notice, under Rule 50.*