THOMAS COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8098. Promulgated February 10, 1928.

*Charles H. Garnett, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

GREEN: The petitioner's contention that the income derived by a non-Indian lessee from a leasehold on the unallotted tribal lands of the Choctaw and Chickasaw tribes of Indians is exempt from Federal taxation, was decided on November 21, 1927, by the Supreme Court of the United States in the case of *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232, in which Mr. Justice Stone said:

The power of the United States to tax the income is undoubted. It seems to us extravagant, in the face of the comprehensive language of the statute, to infer that Congress did not intend to exercise that power merely because, in the absence of Congressional consent, it is one withheld from the states or because the tax in terms imposed on others may have some economic effect upon the Indians themselves. The disposition of Congress has been to extend the income tax as far as it can to all species of income, despite immunity from state taxation.

The remaining contention is as to the proper rate of depreciation to be applied to the depreciable assets which were used by the petitioner in its mining operations under this lease. The petitioner points out that it has abandoned entirely its operations under the lease and that therefore the life of the depreciable assets may be accurately determined and the element of estimate entirely eliminated from the computation. In addition it should be pointed out that the petitioner claimed in its return for the first of the years here under consideration an average life of depreciable assets of 8⅓ years although this claim was not made for the succeeding year. It thus appears that for the first of the years in question the petitioner's estimate of the life of the depreciable assets was under the circumstances remarkably accurate even though it may have been based upon erroneous assumptions. Such being the case, the right to the correct deduction having been asserted at the time the return was filed, there is no reason whatever for denying the petitioner the right to the deduction merely because he based his estimated life of the assets upon erroneous assumptions.

The petitioner did not for the succeeding year claim the same deduction and we must accordingly determine whether for such year the depreciation deduction shall be based upon the then estimated useful life of the assets, or shall be based upon the demonstrated useful life of the assets, the mine having been completely abandoned. In our consideration of this problem we are not in any wise concerned with a revision of the deductions for the years prior to the taxable years here under consideration except to the extent that such deductions enter into the computation of the amount of the petitioner's capital which has not been returned to it through the depreciation deductions. Having before us all the facts so that we

are able to compute the deduction on the actual life of the mine as distinguished from the estimated life of the mine, we perceive no reason why such computation should not be made in the light of the actual facts, and we accordingly hold that such computation should be so made.

Our decision in this regard is in accord with that reached in the *Stouts Mountain Coal Co.* v. *Commissioner*, 4 B. T. A. 1292, and is not in conflict with our decision in *Sterling Coal Co., Ltd.* v. *Commissioner*, 8 B. T. A. 549, in which case the facts were materially different in that the taxpayer sought to vary the amount of the coal reserves which had been used as the basis for the computation of the March 1, 1913, value.

The parties are in accord as to the value of the depreciable assets and the annual deductions for depreciation will be allowed on the basis of the actual life of the mine.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

TRAMMELL, dissenting: I dissent upon the authority of the case of *Stouts Mountain Coal Co.* v. *Commissioner*, 4 B. T. A. 1292, and *Sterling Coal Co.* v. *Commissioner*, 8 B. T. A. 549, which, in my opinion, set out principles which can not be reconciled with the present case.