**BASTIAN BROS. CO. v. McGOWAN, Collector of Internal Revenue.**

**No. 262.**

District Court, W. D. New York.

Jan. 27, 1940.

Judgment Affirmed July 11, 1940.

See 113 F.2d 489.

Remington & Remington, of Rochester, N. Y., (Albert S. Willey, of Rochester, N. Y., of counsel), for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., (Arthur L. Jacobs, of New York City, of counsel), for defendant.

BURKE, District Judge.

The plaintiff, a New York corporation, paid as surtax on undistributed profits of its 1936 and 1937 income approximately $23,000. It sues here to recover the amount so paid claiming it to be over-payment. The corporation had a deficit of approximately $200,000 on December 31, 1935 and a substantial deficit at all times during 1936 and 1937. The deficit arose solely from operating losses during the years 1930 through 1933. The ground of plaintiff's claim is that it is entitled to a credit under Section 26(c) (1) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1664, 26 U.S.C.A. Int. Rev. Acts, for the full amount of its income for 1936 and 1937 in computing the undistributed profits tax, by virtue of an alleged contract existing between it, the State of New York and its stock holders, based on its charter and the laws of New York which prohibited the declaration of dividends by a corporation having a deficit. The defendant moves to dismiss the complaint on the ground that it fails to state a cause of action.

The Revenue Act of 1936 imposed a surtax on profits of the corporation not distributed as dividends. By the terms of Section 26(c) (1) there is allowed a credit against income on which the tax is imposed to the extent of—"an amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends".

Section 58 of the New York Stock Corporation Law, Consol. Laws, c. 59, provides that no stock corporation shall. declare or pay any dividend which shall impair its capital or capital stock, nor while its capital or capital stock is impaired. It imposes on the directors a personal liability for

losses sustained by the payment of such unlawful dividends.

Section 664 of the Penal Law, Consol. Laws, c. 40, provides that directors who declare an unlawful dividend are guilty of a misdemeanor.

 The plaintiff would be entitled to the credit only if the provisions of its charter taken together with the laws of New York prohibiting the declaration of dividends during any year in which the corporation had a deficit, may be construed as coming within the meaning of the section as "a written contract executed by the corporation prior to May 1, 1936". In enacting such provision providing for a credit to the taxpayer in computing excess profits Congress must be deemed to have used the language "a written contract executed by the corporation prior to May 1, 1936" in its ordinarily accepted meaning. If Congress had intended to allow as a credit income which could have been distributed as dividends without violating any provision of law prohibiting the payment of dividends out of capital it would have been a simple matter to state it in simple language rather than leave it to doubtful inference.

 The question is not whether by virtue of its charter and the laws of New York prohibiting the declaration and payment of dividends out of capital the corporation was under a contractual obligation to its stock holders and the State to refrain from paying dividends while its capital was impaired. It may be conceded that there was such an obligation and that it was contractual. It was not, however, by virtue of "a written contract executed by the corporation prior to May 1, 1936". The obligation is implied between a corporation, a creature of the State, and the State which created it, that the corporation will abide by the laws of the State.

The question involved here was decided against the taxpayer in Crane-Johnson Co. v. Commissioner, 8 Cir., 105 F.2d 740, certiorari denied Jan. 15, 1940, 60 S.Ct. 386, 84 L.Ed. ——. Plaintiff urges, however, that in the North Dakota statute that was involved there, not the corporation itself but the directors were prohibited from declaring and paying dividends out of capital.

I do not think the distinction between the North Dakota statute and the New York statute detracts from the Crane-Johnson case as a precedent. The prohibition was equally effective in both statutes.

 The argument is advanced that the construction there placed on the statute raises a serious doubt as to the constitutionality of Section 26(c) (1) particularly as violative of due process and as an invasion of the reserve powers of the State. Section 14 of the Revenue Act of 1936, 49 Stat. 1655, 26 U.S.C.A. Int.Rev.Acts, imposes an excess profits tax. It is clearly a taxing statute since its purpose is to raise revenue for the support of the Government. Its character is determined by its purpose and operation. The purpose was to tax corporate income whether distributed to stockholders or withheld from them. The statute was enacted to check evasion of surtaxes on corporate earnings by leaving them undistributed. It was within the power of Congress to pass laws reasonably calculated to check avoidance of a tax. Helvering v. City Bank, 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62. There is no attempt to regulate the business of corporations which is the province of the State. The allowance of credits is within legislative control. It is said that such a construction of Section 26(c) (1) places a premium on the violation of the penal statute enacted by the State forbidding the declaration of dividends except from surplus. Even if that be so it is but an incident and does not invalidate the statute since it is truly a taxing statute in purpose and operation. It makes no attempt at interference with the enforcement or observance of State laws penal in nature designed to prevent the payment of dividends out of capital. The tax is imposed on corporate net income undistributed as dividends. The imposition of the tax is not conditioned upon the violation or observance of State laws but upon the nondistribution of accumulated net profits. Its validity as a taxing statute must be determined independent of the question whether the State has exercised its inherent power to prevent the payment of dividends out of capital.

The motion to dismiss the complaint should be granted.