**BASTIAN BROS. CO. v. McGOWAN,**
Collector of Internal Revenue.

No. 376.

Circuit Court of Appeals, Second Circuit.

July 11, 1940.

Remington & Remington, of Rochester, N.Y. (Albert S. Willey, of Rochester, N. Y., of counsel), for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., and George L. Grobe, U. S. Atty., and Joseph J. Doran, Asst. U. S. Atty., both of Buffalo, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

By this action the plaintiff seeks to recover sums paid as surtaxes on undistributed profits for the years 1936 and 1937. Its complaint was dismissed as stating no cause of action. The question presented is whether a corporation whose capital has been so impaired by operating losses in prior years that in the tax years in question it is forbidden by the statutes of the state of its incorporation to declare a dividend, is entitled to a credit under section 26(c) (1) of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A.Int.Rev. Acts, page 836, in the calculation of taxes on undistributed profits. More precisely the issue is whether the New York statutes forbidding the declaration or payment of dividends while capital is impaired may be deemed to fall within the language of said section 26(c) (1) as "a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends." Both the text and the legislative history of the section support the decision of the district judge and we are content to affirm the judgment upon his opinion. See D.C., 32 F.Supp. 93. He followed Crane-Johnson Co. v. Commissioner, 8 Cir., 105 F.2d 740, certiorari granted 309 U.S. 692, 60 S.Ct. 708, 84 L.Ed. ——. Subsequently the ninth circuit decided by a divided court in favor of the taxpayer. Northwest Rolling Mills, Inc., v. Commissioner, 9 Cir., 110 F.2d 286. We agree with the former decision.

Judgment affirmed.