ANDERSON COUNTRY CLUB, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110868.    Promulgated December 27, 1943.

*Frank C. Olive, Esq.*, and *Bruce H. Johnson, Esq.*, for the petitioner. *Edward C. Adams, Esq.*, for the respondent.

OPINION.

Kern, *Judge*: The only issue presented for our decision is whether petitioner is exempt under section 101 (9) of the Internal Revenue Code, as a club "organized and operated exclusively for pleasure, recreation and other non-profitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder."

Respondent contends that petitioner should be denied the exemption for two reasons: The fact that it sold, at a profit, certain real estate; and, though this is urged much less strenuously, the fact that some profit was realized by petitioner in 1936 and 1937 from the operation of a "Winter Club" in downtown Anderson during the months when regular country club activity was prohibited by inclement weather and a lack of heating facilities in the club house.

Three aspects of the situation must be examined in order to determine the question here: first, the purpose for which petitioner was organized; second, the purpose for which it was operated; and, third, whether any part of the profits inured to the benefit of any private shareholder.

We have no difficulty in deciding that petitioner was organized exclusively for the recreational purposes defined by the statute. For twenty years prior to petitioner's incorporation, the Anderson Country

Club had operated as an unincorporated association, using the identical property and facilities in precisely the same way as they were used by petitioner upon its organization. It had neither bought nor sold real estate, and it was only because a situation arose whereby, in order to continue as a recreational organization, it became necessary for it to buy the property upon which it was located that the corporate form was assumed. The purchase of the real estate was simply a means to an end; their primary interest was in continuing to operate the recreational facilities which had been in existence for twenty years.

Had petitioner been incorporated under the Societies and Clubs Act for nonprofit organizations, then in effect, it could still have bought and sold real estate, but the statutory procedure governing such transactions was so cumbersome, requiring the individual action of all of the members of the club, that it was decided to utilize the provisions of the regular business corporations act. That it did so does not deprive it of the exemption claimed. Corporations organized under business corporation acts may nevertheless be exempt. *Koon Kreek Klub* v. *Thomas*, 108 Fed. (2d) 616; *Unity School of Christianity*, 4 B. T. A. 61, 69. Similarly, in other cases, clubs and other corporations organized under not-for-profit acts have been denied the exemption. *Juniper Hunting Club*, 28 B. T. A. 525; *Jockey Club* v. *Helvering*, 76 Fed. (2d) 597; *Medical Diagnostic Association*, 42 B. T. A. 610.

Respondent argues that the petitioner may be presumed to have intended engaging in the real estate business at the time of its incorporation for the purpose of purchasing 97 acres of land, of which only 67 acres were in use by the club. But the evidence shows that petitioner was required to buy the entire tract, or none; that an attempt was made to utilize the unused portion to meet the expanding needs of the club; and that it was only after it became definitely apparent that it was not adaptable to the club's use that the thought of selling the unusable portion was first suggested by the solicitation of interested buyers.

An overall consideration of the activities of the club over the period preceding its incorporation, and its continuation of those activities during all the years in question, convinces us that petitioner was organized for no other purpose than that of carrying on the social and recreational activities inaugurated by its predecessor association and that such purpose fulfills the requirements of the statute.

With respect to petitioner's operation, it is respondent's position that, by selling the real estate in question at a profit over a considerable period of time, petitioner has forfeited the right to claim the exemption.

The respondent's regulations recognize the fact that an incidental sale of property does not extinguish the right to an exemption. Considering "incidental" in its ordinary sense to mean collateral or subor-

dinate to the principal purpose, we think there is ample evidence that the sales in question were incidental to the primary reason for the club's existence.

The fact that the profits were in some years substantial does not affect the incidental nature of the sales. In *Koon Kreek Klub* v. *Thomas, supra*, the revenues from the oil lease were in one of the years in question more than twice as much as the club's revenues from its regular membership dues. In *Santee Club* v. *White*, 87 Fed. (2d) 5, the revenue there under consideration was substantial. In each of these cases, however, the club was held to be exempt.

Respondent argues that the fact that the lots, twenty-four in number, were sold over a period of twelve years indicates that the petitioner was engaging in the real estate business. But we are shown that the club made an effort, on at least two different occasions to dispose of the unusable portion of its land as a unit. Should the fact that it was unable to do so require it to hold indefinitely a piece of property which for its purposes had become valueless? We think not. The sales were made piecemeal only because the. club had been unable to dispose of the property in any other way. They were not so made in pursuance of any plan to change the general purposes or activities of the club, nor did they change them. They continued as before; the proceeds of the sales went to further them.

Not only were the sales of real estate by petitioner incidental to its purpose of existence, but also the income derived therefrom was necessarily of a nonrecurrent type, and in this important respect they differed from the type of income considered in *West Side Tennis Club* v. *Commissioner*, 111 Fed. (2d) 6, affirming 39 B. T. A. 149; and *Jockey Club* v. *Helvering, supra*. In both of those cases the income in question was recurrent. In the first a considerable investment had been made by the taxpayer in order to realize the income involved, and in the second the taxpayer made a practice of rendering services from which it derived income recurrent in character. In the instant case the property originally purchased by petitioner was not bought in order that it could be sold, and, once having been sold, it was no longer a source of income.

Respondent feels that the enhancement of the club's facilities, the retirement of its indebtedness, and the possibility of gain upon dissolution by reason of the receipt and application of the profits to such uses require us to hold that the profits inured to the benefit of the shareholders. No authorities are cited to that effect. The record shows that no dividends were ever paid to the shareholders, that the dues were not decreased as a result of the receipt of the income in question, and that dissolution has not been and is not contemplated.

Similar questions are considered in *Santee Club* v. *White, supra;* and *Koon Kreek Klub* v. *Thomas, supra.* In each case, it was held that such advantages as these do not constitute the profits inuring to the benefit of a private shareholder, within the meaning of the statute.

Respondent concedes that, standing alone, the activities of the Winter Club conducted by petitioner were not such as to deprive petitioner of its exempt status. Although some profit was realized from these programs, the evidence is uncontradicted and persuasive that they were primarily operated for social and recreational purposes. The profits which were incidentally realized were devoted to other club purposes. We think that activity did not expel petitioner from the class of exempt corporations.

*Decision will be entered for petitioner.*