**BYRON WESTON CO. v. UNITED STATES.**

No. 49060.

United States Court of Claims.

Jan. 3, 1950.

Horace S. Whitman, Washington, D. C., for the plaintiff. Hugh C. Bickford, Washington, D. C. was on the brief.

John W. Hussey, Washington, D. C., with whom was Assistant Attorney General Theron L. Caudle, for the defendant.

Before JONES, Chief Judge, and WHITAKER, HOWELL, MADDEN, and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff in its petition alleges that it sustained a loss of $40,351.51 for the calendar year 1942. When it filed its income tax return for 1943 it claimed this loss as a deduction from its 1943 income. Under the

statute this loss was deductible first from its 1941 income, and only the excess of the loss over the 1941 income was deductible from 1943 income. There was no excess.

Section 122 of the Internal Revenue Code, which was added by the Revenue Act of 1939, c. 247, 53 Stat. 862, 867, section 211 (b), 26 U.S.C.A. § 122(b) (1, 2), provides:

" * * * (b) [as amended by the Revenue Act of 1942, c. 619, 56 Stat. 798, 847, Sec. 153(a)] *Amount of carry-back and carry-over.*

"(1) *Net operating loss carry-back.* If for any taxable year beginning after December 31, 1941, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year computed (A) with the exceptions, additions, and limitations provided in subsection (d) (1), (2), (4), and (6), and (B) by determining the net operating loss deduction for such second preceding taxable year without regard to such net operating loss.

"(2) *Net operating loss carry-over.* If for any taxable year the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-over for each of the two succeeding taxable years, except that the carry-over in the case of the second succeeding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the intervening taxable year computed (A) with the exceptions, additions, and limitations provided in subsection (d) (1), (2), (4), and (6), and (B) by determining the net operating loss deduction for such intervening taxable year without regard to such net operating loss and without regard to any net operating loss carry-back. For the purposes of the preceding sentence the net operating loss for any taxable year beginning after December 31, 1941 shall be reduced by the sum of the net income for each of the two preceding taxable years (computed for each such preceding taxable year with the exceptions, additions, and limitations provided in subsection (d) (1), (2), (4), and (6), and computed by determining the net operating loss deduction without regard to such net operating loss or to the net operating loss for the succeeding taxable year). * * *"

When plaintiff's 1943 return was audited the Internal Revenue agent advised plaintiff that this loss was not deductible from 1943 income but from 1941 income. However, the agent advised plaintiff that the date for filing claim for refund for 1941 taxes had already expired. Thereafter, on February 26, 1947, after the statute had run, plaintiff filed a claim for refund of 1941 taxes. It claimed it had a right to do this since its claim for the loss against 1943 income should be treated as an informal claim for refund of 1941 taxes. The Commissioner rejected the claim and this suit was brought.

Plaintiff's effort to deduct this loss from its 1943 income certainly was not a claim for refund of *1941* taxes. The only claim for refund of *1941* taxes was filed after the expiration of the statutory period, and section 322 (b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 322 (b) (1) says:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *"

This congressional mandate cannot be disregarded by the Commissioner of Internal Revenue nor by the courts. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405. In that opinion, 302 U.S. on pages 533 to 534, 58 S.Ct. on page 323, the Supreme Court said: " * * * The argument confuses the power of the Commissioner to disregard a statutory mandate with his undoubted power to waive the requirements of the Treasury regulations. The distinction was pointed out in United States v. Memphis Cotton Oil Co., 288 U.S.

62, 71, 53 S.Ct. 278, 281, 77 L.Ed. 619, wherein it was said: 'The line of division must be kept a sharp one between the function of a statute requiring the presentation of a claim within a given period of time, and the function of a regulation making provision as to form. The function of the statute, like that of limitations generally, is to give protection against stale demands. The function of the regulation is to facilitate research.' In the cited case, and others decided at about the same time, we held that, while the Commissioner might have enforced the regulation and rejected a claim for failure to comply with it in omitting to state with particularity the grounds on which the claim was based, he was not bound to do so, but might waive the requirement of the regulation and consider a general claim on its merits. This was far from holding that after the period set by the statute for the filing of claims he had power to accept and act upon claims that complied with or violated his regulations. Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 46, 72 L.Ed. 253, cited by the respondent, is clearly distinguishable. * * * The opinion expressly recognized that no officer of the government has power to waive the statute of limitations and cited, in support of the proposition, Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128, saying: 'Such waivers if allowed would defeat the only purpose of the statute and impose a liability upon the United States which otherwise would not exist—consequences which do not attach to the waiver here.'" Tucker v. Alexander, 275 U.S. 228, 232, 48 S.Ct. 45, 72 L.Ed 619.

This is not a case of an informal claim for refund of 1941 taxes which did not comply with the Commissioner's regulations, but which was later amended after the statutory period; no claim for refund of 1941 taxes was ever filed until after the running of the statute. The claim for the loss deduction was made against 1943 income and not against 1941 income. No claim of right to deduct it from 1941 income was made until after the statute had run and, hence, the Commissioner was without power to permit the deduction and allow the refund claimed.

Defendant's demurrer will be sustained and plaintiff's petition dismissed. It is so ordered.

HOWELL, MADDEN, and LITTLETON, Judges, and JONES, Chief Judge, concur.