*Decisions will be entered under Rule 50.*

POLISH ARMY VETERANS POST 147, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

POLISH ARMY VETERANS POST 147 HOME ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46097, 46098. Filed August 11, 1955.

*John M. Dudrick, Esq.*, for the petitioners.
*William J. Hagan, Esq.*, for the respondent.

OPINION.

Bruce, *Judge:* Both petitioners contend that they were organizations exempt from taxation during the taxable years involved. The Post claims that it was exempt both under section 101 (3) and section 101 (9) of the Internal Revenue Code of 1939. The Home Association claims that it comes within the purview of section 101 (9). Respondent has determined that neither organization was exempt. In order to qualify as exempt organizations, petitioners must bring themselves squarely within the terms of the statute. *Heiner* v. *Colo-*

*nial Trust Co.*, 275 U. S. 232; *Royal Highlanders*, 1 T. C. 184, reversed on another point (C. A. 8) 138 F. 2d 240.

Section 101 (3) provides for the exemption of:

Fraternal beneficiary societies, orders, or associations, (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system; and (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents;

In our opinion the Post has not established that it was exempt under the above paragraph. To qualify for the exemption an organization must be fraternal. *Fraternal Order of Civitans of America*, 19 T. C. 240; *Philadelphia & Reading Relief Association*, 4 B. T. A. 713. Here only the active members, comprising less than 10 per cent of the total membership of the Post, had a common tie. They, of course, had the bond of having formerly served in the Polish Army. But approximately 90 per cent of the total membership of the Post were social members who were not ex-members of the Polish Armed Forces and who, so far as the record discloses, had nothing in common with the active members or with each other. An organization cannot be classed as fraternal where the only common bond between the majority of the members is their membership in that organization. *Fraternal Order of Civitans of America; Philadephia & Reading Relief Association*, both *supra*.

Furthermore, an organization does not qualify as a "beneficiary" society where most of its members are not entitled to receive any benefits. Clause (B) quoted above requires that, to be exempt, the organization must provide "for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents." In *Fraternal Order of Civitans of America*, *supra*, at p. 244, it was pointed out that this clause "would mean little if satisfied by a lodge which provides for the payment of * * * benefits to * * * one class of members * * * and which provides for the payment of no benefits to another class of members." In the instant case the social members received no benefits while the active members received benefits from both the Veterans Association and from the Post.

An exemption is granted by section 101 (9) to:

Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder;

The Post does not qualify under this subsection because it paid death, sick, and disability benefits to its active members or their families. These payments were made out of the general funds of the Post which were derived primarily from the operation of the bar.

Except for 1945 the amount of these payments by the Post substantially exceeded the amount of that portion of the active members' dues which was not forwarded to the Veterans Association but was retained by the Post. The social members received no benefits. The facts in *Allied Trades Club, Inc.*, 23 T. C. 1017, on appeal (C. A. 3), are almost identical. In holding that the petitioner in that case was not exempt, this Court stated that under the facts presented the payment of benefits "could not be classified as an operation for pleasure, recreation, or social purposes and, therefore, the petitioner was not operating exclusively for such purposes." We also held that, because of the payment of benefits, a part of the net earnings of the petitioner inured to the benefit of members. For the same reasons we hold that the Post was not exempt under section 101 (9).

Similarly, the Home Association has not shown that it qualifies as an exempt organization under section 101 (9). Regulations 111, section 29.101 (9)–1, provides:

The exemption granted by section 101 (9) applies to practically all social and recreation clubs which are supported by membership fees, dues, and assessments. If a club engages in traffic, * * * for profit, such club is not organized and operated exclusively for pleasure, recreation, or social purposes. Generally, an incidental sale of property will not deprive the club of the exemption.

The above regulations are substantially identical with previous regulations in effect since 1921, and by now should have almost the force of law. *Juniper Hunting Club, Inc.*, 28 B. T. A. 525; *Allied Trades Club, Inc., supra.*

The Home Association was not operated exclusively for pleasure, recreation, or social purposes. In fact, despite the language of its certificate of incorporation and bylaws, so far as the record discloses, the Home Association was operated for none of those purposes during the taxable years involved. The Home Association cannot rely upon the social activities of the Post to establish its social purpose. The Post was an entirely different entity. *Banner Building Co.*, 46 B. T. A. 857.

The Home Association not only apparently failed to perform any social function, but all of its activities were of a business nature. It derived virtually all of its income from rents received from the Post and its members and from the operation of coin machines in the clubrooms of the Post. As over 90 per cent of the members of the Post were not members of the Home Association, these activities constituted engaging in traffic with outsiders for profit. Cf. C. B. 1939–2, p. 106. The money-making activities described were not merely incidental transactions, as was the case in *Santee Club* v. *White*, (C. A. 1) 87 F. 2d 5, *Koon Kreek Klub* v. *Thomas*, (C. A. 5)

108 F. 2d 616, *Scofield* v. *Corpus Christi Golf and Country Club*, (C. A. 5) 127 F. 2d 452, *Anderson Country Club, Inc.*, 2 T. C. 1238, but were the principal activities in which it engaged. Cf. *Aviation Club of Utah*, 7 T. C. 377, affd. (C. A. 10) 162 F. 2d 984, certiorari denied 332 U. S. 837; *Banner Building Co., supra; West Side Tennis Club*, 39 B. T. A. 149, affd. (C. A. 2) 111 F. 2d 6, certiorari denied 311 U. S. 674.

Apparently the Home Association's primary function was to provide a building or clubrooms for the Post, but such is not the function of a social club. It is more the function of the type of organization described in section 101 (14) of the Internal Revenue Code of 1939.[1] However, the Home Association does not rely upon section 101 (14) ; and, in any event, it is clearly inapplicable as the Post was not exempt and the income of the Home Association was not distributed to the Post.

Each petitioner filed an amendment to its petition, alleging that the Commissioner erroneously calculated the amount of the deficiency, and that he failed to allow correct depreciation. However, other than their indefinite complaint with regard to depreciation, petitioners do not state in what manner the calculation was erroneous; nor do they allege or point to any error upon which they rely. Also, they have made no attempt to establish the amount of depreciation which was allowed or the amount which should have been allowed.

Respondent computed the deficiencies on the basis of petitioners' books which contain an unsegregated listing of receipts and disbursements. To show error in respondent's determinations, petitioners rely solely upon their own computation of net income. However, their computation consists solely of the deduction of all disbursements from all receipts without any attempt to eliminate either receipts which were not income (such as loans and contributions) or disbursements which were not deductible expenses (such as the purchase price of buildings and sick benefits paid). The results of these computations are obviously inaccurate and cast no doubt upon respondent's determination of net income which is prima facie correct. As there is no basis for assuming that respondent's determinations are in error, they must be sustained. Cf. *M. H. Levy Co.*, 10 B. T. A. 908.

*Decisions will be entered for the respondent.*

---

[1] SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

Except as provided in paragraph (12) (B) and in supplement U, the following organizations shall be exempt from taxation under this chapter—

\*          \*          \*          \*          \*          \*          \*

(14) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this chapter.