Polish Army Veterans Post 147 v. Commissioner. Polish Army Veterans Post 147 Home Association v. Commissioner.
Polish Army Veterans Post 147 v. Commissioner
Docket Nos. 46097, 46098.
United States Tax Court
T.C. Memo 1957-92; 1957 Tax Ct. Memo LEXIS 160; 16 T.C.M. (CCH) 384; T.C.M. (RIA) 57092; May 31, 1957
George H. Bowers, Jr., Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: A former opinion by us in these proceedings, filed August 11, 1955 (24 T.C. 891), determining the issues in favor of the respondent, was reviewed by the United States Court of Appeals for the Third Circuit. By the opinion of that Court, filed September 17, 1956, this Court was sustained in its holding that the petitioners were not entitled to exemption from income tax under the provisions of section 101(3) and (9) of the Internal Revenue Code of 1939. The United States Court of Appeals for the Third Circuit vacated the decision entered, however, and remanded the proceedings to this Court in order that petitioners might be afforded an opportunity to show whether, *161 in the calculation of the deficiencies, they were entitled to allowances for depreciation and whether there was reasonable cause for their failure to file returns on account of which the additions to tax were determined. Pursuant to the mandate of the United States Court of Appeals the proceedings were placed on a trial calendar of this Court to be held at Philadelphia, Pa. beginning May 13, 1957, for further proceedings not inconsistent with the decision of the United States Court of Appeals for the Third Circuit, and were regularly called for hearing on said date. Upon the call of the proceedings for hearing on that date there was no appearance by or on behalf of either of the petitioners. Appearance was entered on behalf of respondent, however, and there were filed copies of two letters, one signed by officers and Board Members of each of the petitioners, respectively, addressed to the Regional Counsel of the Internal Revenue Service, Philadelphia, Pa., noting that the respective proceedings were set for hearing and advising that all of the amounts, including tax, penalty and interest, had been paid to the office of the District Director, Scranton, Pa., and stating that the purpose *162 of the letter was to inform that they did not intend to prosecute the cases. Counsel for respondent thereupon orally moved that each of the proceedings be dismissed for want of prosecution, which motion was taken under advisement. Findings of Fact The Findings of Fact set forth in our previous opinion are adopted as our findings herein as fully as though set out at length herein. In addition we find that petitioners have not established that their failure to file returns for the taxable years was due to reasonable cause. Opinion As pointed out in our previous opinion, each petitioner filed an amendment to petition, alleging that the Commissioner erroneously calculated the amount of the deficiency and that he failed to allow correct depreciation. However, other than their indefinite complaint with regard to depreciation, petitioners have not stated in what manner the calculation was erroneous; nor have they alleged or pointed to any error upon which they rely. They have made no attempt to establish the amount of depreciation which was allowed or the amount which should have been allowed. Respondent's determination of net income is prima facie correct, and as no basis has been *163 shown for assuming that they are in error, respondent's determination must be sustained. At the time of the former hearing herein, petitioners had not pleaded any error with respect to respondent's determination of the additions to tax and offered no evidence as to whether there was reasonable cause for their failure to file returns. Considering that this might be a hardship case, the Court of Appeals vacated the decision of this Court, citing section 7482 of the Internal Revenue Code of 1954 and Hormel v. Helvering, 312 U.S. 552 (1941). In so doing, however, the Court of Appeals said: "We do think that whether, under the circumstances, petitioners did exercise ordinary business care and prudence is for the Tax Court to pass on in connection with the problem of whether penalties are to be assessed against the petitioners." Petitioners have not only continued in their failure to plead any error with respect to respondent's assertion of the additions to tax, but they have also failed to offer any evidence on such an issue. Accordingly, we find that petitioners have not shown reasonable cause for their failure to file returns and respondent's assertions of the additions *164 to tax are sustained. For the reasons set forth in our previous opinion and here, Decisions will be entered for respondent.