**MacCOLL v. UNITED STATES.**

**No. 49 C 418.**

United States District Court
N. D. Illinois, E. D.

June 2, 1950.

Pope & Ballard, Chicago, Ill., for the plaintiff.

Otto Kerner, Jr., U. S. Atty., and John J. Looby, Jr., Asst. U. S. Atty., Chicago, Ill., for defendant.

IGOE, District Judge.

This cause having come on for hearing on cross-motions for summary judgment, based on a stipulation-of-facts and on an affidavit of petitioner, the Court, having considered the arguments of counsel and being fully advised in the premises, makes the following findings of fact and conclusions of law:

Findings of Fact

1. Petitioner has been at all times material herein a regularly ordained minister of the Protestant Episcopal Church in the United States of America, resident in the Village of Wilmette, Cook County, Illinois.

2. During all of the calendar year 1947, petitioner was employed full time as Assistant Rector by "The Rector, Church Wardens and Vestrymen of Christ Church, Winnetka, Illinois" (hereinafter referred to as "Christ Church"), a religious corporation duly organized and existing under the laws of the State of Illinois and affiliated with the Protestant Episcopal Church in the United States of America.

3. During 1947, "Christ Church", not having housing available, allowed petitioner the sum of $100 per month as a dwelling house allowance, in addition to his salary.

4. Being unable to rent, petitioner purchased a dwelling house which he occupied with his family during all of 1947.

5. Petitioner's expenditures on account of said dwelling house during 1947 were at a rate in excess of $100 per month, as follows: (a) interest on mortgage (excluding payments on account of principal) —$510.36; (b) real estate tax—$419.70; (c) insurance on improvements—$39; (d) interest on loan to petitioner from his father of $15,000 used for down payment on house, at 3%—$450, total—$1419.06.

6. The fair market rental value of the housing occupied by petitioner during 1947 was in excess of $100 per month.

7. In his federal income tax return for the year 1947, petitioner included as taxable income the aggregate amount of $1200 allowed him as a housing allowance, and deducted from gross income $249.08 as expense of the house alloted to business use. This resulted in an increase in net income of $950.92, which increased petitioner's tax by $234.87.

8. If said $1200 should not have been returned as taxable income for 1947, petitioner overpaid his income tax for 1947 in the amount of $234.87.

9. More than six months prior to the bringing of this action, petitioner filed a claim for refund of said $234.87 with the Collector of Internal Revenue, at Chicago, Illinois, as agent for the Commissioner of Internal Revenue; the Commissioner has not rendered a decision on said claim, and has not notified petitioner of the disallowance of said claim.

## Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter.

2. The $100-a-month housing allowance paid to petitioner by "Christ Church" during 1947 is excluded from gross income under Section 22(b) (6) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (6).

3. Petitioner is entitled to a summary judgment for $234.87, plus interest from the 15th day of March, 1948, and costs, as demanded in petitioner's complaint.

4. Respondent's motion for summary judgment dismissing petitioner's complaint should be denied.