GIDEON B. AND AUDREY J. WILLIAMSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43063.    Filed June 15, 1954.

*Martin B. Dickinson, Esq.,* for the petitioners.
*Melvin A. Bruck, Esq.,* for the respondent.

OPINION.

WITHEY, *Judge:* The single issue presented for our determination is whether the house allowance here involved was excluded from gross income and exempt from tax under the provisions of section 22 (b) (6) of the Internal Revenue Code.[1]

The position of the petitioners is that we should construe section 22 (b) (6) so that the phrase "dwelling house and appurtenances thereof furnished to a minister of the gospel" encompasses funds paid to a minister as part of his compensation for use by him in the acquisition of dwelling quarters. Respondent, on the other hand, contends that the language of the section will not permit of such construction, and that since no dwelling house was furnished petitioner he does not come within the provisions of the section and is not entitled to the exclusion and exemption provided therein.

In enacting section 22 (b) (6) Congress designated certain factual situations which must exist in order for the exclusion and exemption to arise. One of these is that the residence and appurtenances furnished the minister must be furnished as part of his compensation. There is no controversy between the parties herein as to whether the amount in question was paid to petitioner as a part of his compensation. The evidence submitted shows that it was so paid and we have made a finding accordingly. In view of the foregoing, and since the parties have not raised any constitutional question or any question as to whether petitioner was employed as a minister of the gospel, we have but to determine whether the sum here sought to be excluded from gross income represents "The rental value of a dwelling house * * * furnished" to petitioner.

From the facts presented we are unable to find that petitioner's dwelling house was "furnished to" him. If it was "furnished" at all it

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(6) MINISTERS.—The rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation ;

was "furnished" *by* him and not "furnished" *to* him. Acquisition of the dwelling house was by petitioner and not by the church. Likewise, ownership and control of the property were in him and not in the church. His continued ownership and control with the right of disposition at will were in nowise contingent upon his employment as a minister or upon his employment by the church. While petitioner has shown that the rental value of the dwelling during 1949 was in excess of $1,000 per year, such rental value was of a dwelling belonging to him, but not furnished to him as a minister.

Section 22 (b) of the Code is by its terms a statute of exemption from taxation. Statutory provisions granting special tax exemptions are to be strictly construed. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. Tax exemptions are not to be lightly inferred. *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232. The language of section 22 (b) (6) is clear and unambiguous. Therefore it is axiomatic that we are not permitted to construe it but must apply it in the sense required by the natural and ordinary meaning of its terms. Considering the facts here presented in connection with the provisions of section 22 (b) (6), as viewed in the light of the foregoing premises, we conclude that the house allowance involved herein was not excluded from the gross income of the petitioner and exempt from tax.

In reaching the foregoing conclusion we have considered *Jones* v. *United States*, 60 Ct. Cl. 552, and *MacColl* v. *United States*, (N. D., Ill.), 91 F. Supp. 721, cases relied on by petitioner. The question before the court in the *Jones* case was whether the rental value of the quarters furnished by the Government to an Army officer and occupied by him, and an amount paid to him as commutation of quarters, constituted compensation to him and therefore income. No special tax-exempting provision was involved or governed the court's decision. The case, therefore, is without application here. The question involved in the *MacColl* case was, as here, whether a sum paid to a minister as a "dwelling house allowance" was excluded from gross income and exempt from tax under section 22 (b) (6) of the Code. The court there, in a summary statement and without indicating how it reached its conclusion, held for the taxpayer. Although the facts in that case are indistinguishable in principle from those in the instant proceeding, and the same provisions of the Code govern, we are unable, for the reasons here stated, to arrive at the conclusion reached by that court. *Richard T. Gillespie*, 2 B. T. A. 1317, also mentioned by the parties on brief, is not in point. In that case two churches by which the taxpayer, a minister, was employed leased from the owner a dwelling house which they furnished for the use of the taxpayer. As the rent became due, the churches handed the amount thereof to the taxpayer who, in turn, paid it to the owner. The question there

was whether the rent handled in that manner was income to the taxpayer. On the facts, the Board concluded that the taxpayer merely acted as agent for the churches, and that the rent in question was not income to him. As pointed out by the Board, that conclusion made it unnecessary to consider the question of whether payments to a minister in commutation of a dwelling house were within the exempting provisions of the statute.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

OPPER, *J.*, dissenting: It is not necessary that a church own the manse occupied by its pastor in order for it to be "furnished" by the church. *Richard T. Gillespie*, 2 B. T. A. 1317; I. T. 3243, 1939–1 C. B. 162.[1] Although section 22 (b) (6) may be read as applying to "a dwelling house * * * furnished," it may also be fairly construed as referring to "the rental value * * * furnished," which would clearly include the payment of money representing the rental value of a dwelling. It is this interpretation which comports with I. T. 3243, *supra*, and in any event it seems to me that to the extent that the church paid for the occupancy of this property it was "furnished" to petitioner by the church. The evidence shows that the amount claimed by him was not in excess of the "fair rental value" of the premises, nor of the amount which, having been supplied to him by the church, he actually expended.

There is no distinction of substance between the two common methods of providing a minister with a home. I see no reason to assume any legislative intent to split hairs in distinguishing between the practical divergences of individual situations so that some quite similar arrangements would obtain the benefit of an exclusion and others not. Under all the circumstances, I should conclude that the statute has been literally complied with here, that its spirit has not been violated, and that the exclusion is allowable. *MacColl* v. *United States*, (N. D., Ill.) 91 F. Supp. 721.

RICE and BAAR, *JJ.*, agree with this dissent.

---

[1] "It is stated that the church of which A is the minister owns the house which it furnishes for the use of its minister. Since A was single and did not require a house for his residence, the church approved the leasing thereof by the minister and the renting of an apartment by him with the money received as rental from the house.

\* \* \* \* \* \* \*

It is held that the rental received by A from the house furnished to him by the church, which rental he used to pay for an apartment occupied by him, comes within the \* \* \* [provisions of section 22 (b) (6), Revenue Act of 1936]."