## HAROLD GLEN AND ALBERTA Z. BROWN
### *v.* STATE TAX COMMISSION

William H. Boland, Portland, represented plaintiffs.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered November 30, 1967.

EDWARD H. HOWELL, Judge.

The defendant commission issued an income tax deficiency assessment against plaintiffs for the years 1963 and 1964 and plaintiffs appealed.

■ The issue involves the question of whether an amount received by a minister as a rental allowance should be excluded from his gross income under ORS 316.110. That statute states:

" 'Gross income' does not include the following items, which shall be exempted from taxation under this chapter:

"* * * * *

"(6) The rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation as such.

"* * * * * ."

During the years in question plaintiffs were husband and wife and Dr. Brown was the minister of the First Christian Church in Portland, Oregon. During this time plaintiffs were purchasing a home in southwest Portland for $30,000. The plaintiffs owned furniture valued at $12,000. In 1963 the church paid Dr. Brown a salary of $8,700 and allowed a $5,000 housing allowance. The plaintiffs spent $4,623.89 of the allowance and reported $376.11 as taxable income. In 1964 the church paid Dr. Brown a salary of $9,200, plus a housing allowance of $5,100 of which the plaintiffs spent $4,977.55 and reported a taxable balance of $122.45.[1] The plaintiffs sold the house in December, 1966, for $27,750.

The plaintiffs contend that since they actually spent the amounts mentioned they are entitled to exclude them from gross income under the Oregon statute. Plaintiffs allege in their complaint that ORS 316.110(6) *supra,* should be interpreted the same as

[1] The plaintiffs paid $2400 each year on the purchase price of the home from the housing allowance of $5,000 for 1963 and $5,100 for 1964. The balance was spent on utilities, improvements, taxes and repairs to the house.

§ 107 of the 1954 Internal Revenue Code. That section states:

"In the case of a minister of the gospel, gross income does not include—

"(1) the rental value of a home furnished to him as part of his compensation; or

"(2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home."

■ Plaintiffs' argument that the Oregon statute must be construed the same as the federal law must fail because the statutes are not the same. The Oregon statute was copied after § 22(b)(6) of the 1939 Internal Revenue Code which did not contain a provision like subsection (2) of § 107, above, which was added to the 1954 Internal Revenue Code. It is true that in *Williamson v. Commissioner*, 224 F2d 377 (8th Cir 1955), 47 AFTR 1425, 55-2 USTC ¶ 9561, and in *MacColl v. U. S.*, 91 F Supp 721 (ND Ill 1950), 39 AFTR 849, 50-1 USTC ¶ 9331, the federal court interpreted the 1939 federal statute to allow the taxpayers to exclude a housing allowance when the taxpayer owned or was purchasing his own home. In each case the fair market rental value of the home was in excess of the housing allowance.

Regardless of the decisions in *MacColl* and *Williamson* the fact remains that § 107 of the 1954 Internal Revenue Code and ORS 316.110(6) are not similar and this court is not obligated to give them similar interpretation. The tax commission, however, has adopted a regulation, 316.110(6), which reads as follows:

"Reg 316.110(6). Rental Value of Minister's Dwelling. The exclusion is limited to the rental value of the physical property and appurtenances

thereto furnished the minister by his church as part of the consideration for his services as a minister, *or to the amount paid to a minister in lieu of a housing allowance up to the amount not in excess of the rental value of the housing the minister is using, whether he is renting or purchasing the accommodations.* An 'appurtenance' generally is anything necessary to the proper use of the property." (Emphasis supplied.)

■ It is apparent that the regulation is more generous to the taxpayer than the statute because the regulation extends the exclusion from gross income to include not only the rental value of a home furnished the minister, but also an amount paid in lieu of supplying a home and furnishings. However, the regulation does limit the exclusion "to the amount not in excess of the rental value of the housing the minister is using."

■ The next question concerns the rental value of the home being purchased by plaintiffs. There was evidence that the property cost $30,000, sold for $27,750 and was appraised by the assessor's office for $25,650. The plaintiffs' accountant testified that in his opinion a reasonable rental would be one percent per month based on the cost of $30,000, and the same percent per month on the furnishings valued at $12,000, for a total of $420 per month. The tax commission's appraiser concluded that the reasonable rental should be determined by dividing the value of the house by a gross multiplier of 120.[9] Applying this formula to a true cash value of $27,000 for plaintiffs' house, the commission's appraiser arrived at a fair rental value

---

[9] The gross multiplier of 120 would also be used to find the market value of rental property by multiplying the monthly rent by 120. To find the rental value the market value is divided by 120.

of $225 for the house alone. This court accepts the commission's formula but finds that the true cash value of the house should be $27,750, the December 2, 1966, sales price. Applying the defendant's formula to this figure the reasonable rental for the house is $230 per month. The tax commission conceded that an additional amount should be allowed as a reasonable rental allowance for the furnishings and computed this at $10 per furnished room, or a total of $90.00. The total rental allowance for the home and furnishing is found to be $320 per month, or $3,840 per year. The tax commission in its opinion and order, in addition to an allowance for the fair rental value of the house, also allowed plaintiffs the cost of their utilities for 1963 and 1964. This court will do the same and as the evidence shows expenditures for utilities of $708.12 in 1963 and $685.31 in 1964, these amounts will also be excluded from plaintiffs' income for 1963 and 1964.