# WILLARD MAXWELL ALDRICH AND MILDRED G. ALDRICH *v.* DEPARTMENT OF REVENUE

Willard M. Aldrich appeared *in propria persona*.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered February 17, 1970.

EDWARD H. HOWELL, Judge.

The plaintiffs appeal from an order of the Department of Revenue which held that plaintiff Willard

Aldrich was not entitled to exclude the rental value of a housing allowance allowed for ministers from his gross income for 1964, 1965 and 1966.

The plaintiff, an ordained minister, and president of the Multnomah School of the Bible, claimed the benefit of the housing allowance allowed by ORS 316.110(6). That statute provides that gross income does not include: "The rental value of a dwelling house and appurtenances thereof furnished to a minister of the gospel as part of his compensation as such."

The defendant's regulation 316.110(6), in addition to allowing the exclusion for the rental value of a house furnished a minister, also allows the exclusion for the amount paid to a minister for rent in lieu of furnishing a house.[1]

The plaintiff received $2,240 per year from the school as a rental allowance in lieu of a house and excluded the allowance from his gross income for the years in question.

The defendant denied the exclusion to the plaintiff on the grounds that such exclusion was available only to ministers of the gospel with a congregation.

The Multnomah School of the Bible is an interdenominational school which originated and is associated with the Central Bible Church, a Protestant denomination with a church in Portland. The school is accredited by the Accrediting Association of Bible

---

[1] Reg 316.110(6) states:

"The exclusion is limited to the rental value of the physical property and appurtenances thereto furnished the minister by his church as part of the consideration for his services as a minister, or to the amount paid to a minister in lieu of a housing allowance up to the amount not in excess of the rental value of the housing that the minister is using, whether he is renting or purchasing the accommodations. * * *"

Colleges. Over fifty percent of the students are members of the Baptist Church. The faculty consists of 24 members, 12 of whom are ordained ministers.

Prior to becoming president of the school the plaintiff served as pastor of a Baptist Church in Vancouver, Washington.

In addition to being president of the school the plaintiff serves as a teacher on the faculty, is in charge of daily chapel service and preaches a sermon every Friday at the chapel service. He also serves in the nature of a pastor and counsellor to the faculty and students.

Although the plaintiff's primary duties are to serve as president of the school and to teach at the school, the plaintiff preaches from 15 to 20 times per year in various Protestant churches. Generally he is paid for his appearances. However, he seldom participates in other sacerdotal functions such as baptisms, weddings or funerals.

The plaintiff testified that it was not an absolute requirement that the president of the school be an ordained minister but that for practical purposes the school desired its president to be an ordained minister.

The Commissioner of Internal Revenue allowed the plaintiff the exclusion of the housing allowance for the tax years in question. Section 107 of the Internal Revenue Code for 1954 allows the exclusion for the rental value of the home furnished a minister or for a rental allowance allowed in lieu of furnishing a home.[2] The Oregon statute does not mention the ex-

---

[2] Section 107 of the IRC states:

"In the case of a minister of the gospel, gross income does not include—

"(1) the rental value of a home furnished to him as part of his compensation; or

clusion of a rental allowance allowed in lieu of furnishing a home but such exclusion is provided in the defendant's regulation. See *Brown v. Comm.*, 3 OTR 138 (1967).

The federal regulation 1.107-1(a), unlike the defendant's regulation, specifically allows the exclusion for the rental value of a home furnished to a minister, or a rental allowance in lieu of furnishing a house where the duties of the minister of the gospel include teaching and administrative duties at theological seminaries.[9]

The federal regulation was interpreted in Rev Rul 62-171, 1962-2 Cum Bull 39. The commissioner ruled that ordained ministers of the gospel who teach or have administrative duties in parochial schools or colleges which are integral agencies of religious organizations under the authority of a religious body constituting a church or church denomination, are considered ministers of the gospel under § 107 of the Internal Revenue Code of 1954 and were entitled to the exclusion.

In a subsequent opinion, Rev Rul 63-90, 1963-1 Cum Bull 27, the commissioner ruled that ordained

---

"(2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home."

[9] Section 1.107-1(a) provides:
"* * * In order to qualify for the exclusion, the home or rental allowance must be provided as remuneration for services which are ordinarily the duties of a minister of the gospel. * * * Examples of specific services the performance of which will be considered duties of a minister for purposes of section 107 include the performance of sacerdotal functions, the conduct of religious worship, the administration and maintenance of religious organizations and their integral agencies, and the performance of teaching and administrative duties at theological seminaries. * * *"

ministers employed as teachers or administrators for an "organization devoted to providing instructions in various phases of religious training to students representing a number of religious denominations, and to the distribution of religious material throughout the world," were not entitled to the housing allowance exclusion. Apparently the exclusion was disallowed because the organization was "not an integral agency of an organization under the authority of a religious body constituting a church or church denomination."

■ The ruling is not persuasive. Even if the Oregon statute and regulations and the federal statute and regulations were similar, the federal ruling is not binding on this court because federal administrative interpretations of federal statutes or regulations are considered to be informative only. *Pac. Supply Corp. v. State Tax Com.*, 224 Or 556, 356 P2d 939 (1960).

Moreover, the ruling does not appear to be an accurate interpretation of the federal regulation. It is not clear from the ruling whether the "organization" involved was a school and, if so, whether it belonged to or was sponsored by more than one religious denomination. Whether the organization or school belonged to or was sponsored by one church or more than one church should not be grounds for disqualification. Neither would the fact that the students "represented a number of religious denominations" appear to be a valid reason for disqualification.

■ The defendant argues that the words "as such" in ORS 316.110(6), referring to the rental value of a dwelling house furnished to a minister of the gospel "as part of his compensation *as such*" mean as part of his compensation as a minister. It is true that the housing allowance must be furnished as part

of the clergyman's services as a minister; however, the words do not mean that a minister of the gospel cannot be a teacher or occupy an administrative position in a religious school in order to be entitled to the exclusion. If a housing allowance were furnished to a minister as part of his compensation for activities entirely unrelated to ministerial functions, such as advertising or public relations, the allowance would not be part of the minister's compensation as a minister of the gospel. In the instant case the housing allowance was furnished to plaintiff for his services as a minister.

There is no valid reason in the instant case why the plaintiff should be required to have a congregation in order to qualify as a "minister of the gospel" under ORS 316.110(6). The statute does not restrict the exclusion to only those ministers of the gospel who happen to have a congregation. It is common knowledge that many clergymen, whether they are priests, rabbis or ministers, are performing the functions of ordained ministers of the gospel in hospitals, schools or state institutions. The function of a minister is to preach, teach and counsel in the tenets of his particular religion and such teaching will ordinarily include the lessons of the gospel. It could hardly be said that a clergyman administering to the sick in a hospital or teaching theology in a school is less a "minister of the gospel" than one who has been assigned a congregation, as long as his administering or teaching is related to a church or a religious body.

All that the statute requires is that the person receiving the housing allowance be a minister of the gospel and that the housing allowance be furnished

as part of his compensation as a minister. He is not required to be a pastor, which in ordinary parlance contemplates a clergyman who has a local church or congregation.

As the plaintiff is an ordained minister of the gospel employed as teacher and president of a religious school, although interdenominational, and is performing religious functions, he qualifies as a minister of the gospel under ORS 316.110(6) and is entitled to the exclusion of the rental allowance from his gross income for the years in question.